<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NEW JERSEY BUILDING LABORERS' STATEWIDE PENSION FUND AND TRUSTEES THEREOF,<br><br>                                    *Plaintiffs*,<br><br>              v.<br><br>SUPER LLC,<br><br>                                    *Defendant*. | Civil Action No. 23-1383<br><br>**OPINION**<br><br>May 8, 2026 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court on New Jersey Building Laborers' Statewide Pension Fund and Trustees Thereof ("Plaintiffs") Motion for Default Judgment against Super LLC ("Defendant") pursuant to Federal Rule of Civil Procedure ("Rule") 55(b)(2).  (ECF 44, "Motion" or "Mot.")  The Court has decided this Motion upon submission, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.  For the reasons stated below, Plaintiffs' Motion is **DENIED WITHOUT PREJUDICE**.

## I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This matter arises from Plaintiffs' claim for withdrawal liability pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA").  29 U.S.C. § 1381.  Plaintiffs are the New Jersey Building Laborers' Statewide Pension Fund ("Pension Fund") and Trustees of the Pension Fund ("Trustees"), both of which maintain their principal place of business in Jersey City, New Jersey.  (ECF 1, "Complaint" or "Compl." ¶¶ 2-3.)  Defendant Super LLC ("Super") is a limited liability company with a principal place of business in Haledon, New Jersey.  (*Id.* ¶ 4.)

Super was subject to certain Collective Bargaining Agreements ("CBAs") with the New Jersey Building Construction Laborers District Council and/or its predecessors ("Union") for work performed within the jurisdiction of the union. (*Id.* ¶ 7.)  The CBAs required Super to make fringe benefit contributions on behalf of the Union members at the rates set forth in the CBA. (*Id.* ¶ 9.) The fringe benefit contributions included contributions to the Pension Fund. (*Id.*)  Consistent with the terms of the CBAs, Super remitted fringe benefit contributions to the Pension Fund uninterrupted on behalf of the Union members employed by Super until July 31, 2022. (*Id.* ¶ 10.) On or about July 31, 2022, Super withdrew its recognition of the Union as its employees' bargaining representative. (*Id.* ¶ 11.)  By virtue of its withdrawal recognition of the Union by Super and continued performance of work covered by the CBAs without contributing to the Pension Fund, Super permanently effected a "complete withdrawal" from the Pension fund within the meaning of § 4203 of ERISA. (*Id.* ¶ 12.)

The Pension Fund calculated Super's withdrawal liability as $55,572.00. (*Id.* ¶ 13.)  On or about August 11, 2022, the Pension Fund prepared a payment schedule for the withdrawal liability and demand of payment in accordance with the payment schedule, pursuant to § 4219(b)(1) of ERISA. (*Id.* ¶ 14.)  On or about December 1, 2022, having not received the first quarterly installment, the Pension Fund advised Super of its failure to remit said quarterly installment and that, in failing to do so, Super was in default of its obligation within the meaning of § 4219(c)(5) of ERISA. (*Id.* ¶ 15.)  The Pension Fund notified Super on or about December 1, 2022, that if it did not cure the default within sixty days after its receipt of the written notification, it would be in default and Plaintiffs would require the immediate payment of the outstanding liability from the due date of the first payment which was not timely made, as allowed by § 4219(c)(5) of ERISA. (*Id.*)

Super failed to cure the default, and the Pension Fund accelerated payment of the withdrawal liability. (*Id.* ¶ 16.) Because Super failed to demand arbitration to challenge the withdrawal liability assessment within the time parameters set forth under ERISA, the Pension Fund immediately sought payment of the full amount of the withdrawal liability together with all other relief permitted under ERISA. (*Id.* ¶ 17.) Super disregarded the Pension Fund's demand for payment and refused to pay the withdrawal liability to the Pension Fund, pursuant to § 4201(a) of ERISA. (*Id.* ¶ 18.)

As a result, Plaintiff commenced a lawsuit against Defendant on March 13, 2023 to collect the unpaid withdrawal liability and seeking liquidated damages at the rate of twenty percent (20%) of the withdrawal liability, interest at the rate of eighteen percent (18%) of the withdrawal liability, and attorneys' fees and costs. (*Id.* ¶¶ 1, 26-7; Mot. at 8.) Defendant was served with the Complaint and summons in this matter on April 4, 2023 and filed its Answer on May 9, 2023. (ECF 4, "Summons"; ECF 9, "Answer.") On August 2, 2024, counsel for Defendant filed a motion to withdraw as counsel. (ECF 34, "Motion to Withdraw.") On September 23, 2024, the Court held a virtual conference regarding counsel for Defendant's motion to withdraw as counsel. (ECF 35.) Following the hearing, the Court granted Defendant's motion to withdraw as counsel, and ordered that any new counsel for Defendant enter an appearance by October 28, 2024, or potentially risk default judgment. (ECF 36.) No new counsel entered an appearance for Defendant. On December 11, 2024, Plaintiffs petitioned the Clerk of the Court for an entry of default against Defendant pursuant to Rule 55. (ECF 39.) The Clerk of the Court entered default against Defendant on February 7, 2025. (ECF 40.) Defendant has not challenged the default or opposed this Motion.

3

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) "authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading."  *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008).  Before the Court grants a motion for default judgment, however, it must ensure, *inter alia*, (1) that personal jurisdiction exists over the defendants and (2) "that entry of default under Rule 55(a) was appropriate."  *Gov't Emps. Ins. Co. v. Pennsauken Spine & Rehab P.C.*, No. 17-11727, 2018 WL 3727369, at *2 (D.N.J. Aug. 6, 2018). Where the Court has jurisdiction, because the entry of default judgment prevents a decision on the merits, the mere fact of default does not entitle a plaintiff to judgment.  Rather, "[i]t is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court."  *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).

Once a party has defaulted, the "consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'"  *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citing 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983)).  An entry of default judgment requires that the Court determine whether a sufficient cause of action has been stated "since a party in default does not admit mere conclusions of law."  *Chanel, Inc.*, 558 F. Supp. 2d at 535.  After a cause of action has been established, district courts must then determine whether the entry of default judgment would be proper by considering: (1) whether the party subject to default has a meritorious defense, (2) whether there is prejudice to the plaintiff if default judgment is denied, and (3) whether the default was due to the defendant's culpable conduct.  *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *Hritz*, 732 F.2d at 1181.

4

### III.    ANALYSIS

#### A. Jurisdiction and Service of Process

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (internal citation omitted).  Additionally, prior to determining whether a plaintiff is entitled to default judgment, a court must also determine whether there is sufficient proof of service.  *Tr. of Int'l Union of Painters and Allied Trades Dist. Council 711 Health & Welfare Fund v. Danco Painting, LLC*, No. 17-05739, 2021 WL 3674353, at *3 (D.N.J. Aug. 19, 2021).  This Court has both subject matter jurisdiction over this dispute and personal jurisdiction over Defendant, and Defendant was properly served.

A district court has original jurisdiction over an action when there is diversity jurisdiction pursuant to 28 U.S.C. § 1332 or when there is federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff has raised issues under the Employee Retirement Income Security Act of 1974 (ERISA).  (Compl. ¶¶ 19-26.)

The Court also retains personal jurisdiction over Defendant.  "With respect to a corporation, the place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (alteration in original) (internal quotation omitted).  "Courts have applied the *Daimler* rules to limited liability companies with 'equal force.'" *Griggs v. Swift Transp. Co.*, No. 17-13480, 2018 WL 3966304, at *2 (D.N.J. Aug. 17, 2018).  As a result, "for the purposes of general personal jurisdiction, a limited liability company's citizenship is that of its principal place of business and state of [formation]." *Rodriquez*

5

*Rivera v. Loto Grp., LLC*, No. 20-4062, 2020 WL 7384720, at \*1 (D.N.J. Dec. 16, 2020) (quoting

*Hannah v. Johnson & Johnson Inc.*, No. 18-10319, 2020 WL 3497010, at \*16 (D.N.J. June 29,

2020)).  Here, Plaintiff alleges that Defendant's principal place of business is in Haledon, New

Jersey.  (*See* Compl. ¶ 4.)  Because Defendant is at "home" in New Jersey, this Court has personal

jurisdiction over Defendant.

As a limited liability company, Defendant may be served "by delivering a copy of the

summons and of the complaint to an officer, a managing or general agent, or any other agent

authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h)(1)(B).

Here, Plaintiff provides the Court with an Affidavit of Service dated March 22, 2023.  (*See*

Summons.)  The Affidavit of Service indicates that personal service was made upon Defendant's

authorized agent, Taylor Dominguez, at Defendant's principal place of business.  (*Id.*)  Thus,

service was proper, and the Court is satisfied that it has jurisdiction to enter default judgment.  *See*

*Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008).

### B.  Entry of Default

Second, the Court must ensure that the entry of default under Rule 55(a) was appropriate.

Rule 55(a) directs the Clerk of the Court to enter a party's default when the party "against whom

a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure

is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  Defendant failed to meet its deadline

to enter an appearance of counsel after being advised that, given its status as a corporation, failure

to appear through a duly licensed attorney could result in the entry of default and default judgment

against it.  (ECF 36.)  Accordingly, the Clerk appropriately issued the entry of default on February 2, 2025.  (ECF 40.)

### C.  Fitness

"Third, the Court must confirm that the defaulting parties are not infants or incompetent persons, or persons in military service exempted from default judgment." *Barrett v. Tri-Coast Pharmacy, Inc.*, 518 F. Supp. 3d 810, 822 (D.N.J. 2021) (citing Fed. R. Civ. P. 55(b)(2)).  Neither of these requirements apply to Defendant as it is a corporate entity. *See, e.g.*, *TBI Unlimited, LLC v. Clear Cut Lawn Decisions, LLC*, No. 12-3355, 2016 WL 5660426, at *3 (D.N.J. Sept. 29, 2016).

### D.  Sufficiency of Plaintiffs' Cause of Action

Fourth, the Court must determine whether the Complaint states a proper cause of action. In performing this inquiry, the Court accepts as true a plaintiff's well pleaded factual allegations while disregarding mere legal conclusions. *See DirecTV, Inc. v. Asher*, No. 03-1969, 2006 WL 680533 at *1 (D.N.J. Mar. 14, 2006).  The Court finds that the Complaint states a valid cause of action for withdrawal liability under ERISA.

Under ERISA, "if an employer withdraws from a multiemployer pension plan … the employer is liable to the plan in the amount determined … to be the withdrawal liability."  29 U.S.C. § 1381(a).  The fund has an obligation to: (1) determine Defendant's withdrawal liability; (2) notify Defendant of the amount of withdrawal liability; and (3) collect the amount of withdrawal liability from the employer Defendant. *See Trucking Emp. of North Jersey Welfare Fund, Inc.-Pension Fund v. Caliber Auto Transfer, Inc.*, No. 08-2782, 2009 WL 3584358, at *1 (D.N.J. Oct. 27, 2009) (citing 29 U.S.C. § 1382).  The Pension Fund has complied with all the requirements of ERISA here.  After Super effected a complete withdrawal, the Pension Fund calculated its withdrawal liability as $55,572.00, (Compl. ¶ 25; ECF 44-2, "Kemple Decl." ¶ 7), and notified Super of this amount on August 11, 2022, (Kemple Decl. ¶ 8, Ex. E.)  The Pension

7

Fund also established a payment schedule for the withdrawal liability and demand of payment in accordance with that schedule. (*Id.* ¶¶ 7-9). The Pension Fund has thus stated a sufficient cause of action for withdrawal liability under ERISA.

### E.  Whether The Entry of Default Judgment Would Be Proper

The Court must next consider (1) whether the party subject to the default has a meritorious defense, (2) the prejudice suffered by the party seeking default judgment, and (3) the culpability of the party subject to default. *Doug Brady, Inc.*, 250 F.R.D. at 177. The Court concludes that all three factors weigh in favor of default judgment.

First, Defendant lacks a meritorious defense. Defendant's failure to retain new counsel allows this Court to infer it lacks a meritorious defense. *See Efofex, Inc. v. Realhub, Inc.*, No. 21-8454, 2025 WL 2898197, *6 (D.N.J. Oct. 10, 2025); *Aetrex Worldwide, Inc. v. Sourcing For You Ltd.*, No. 14-2504, 2019 WL 1349763, at *2 (D.N.J. Mar. 26, 2019) ("[G]iven that Defendants have failed to retain counsel, the Court finds no basis for Defendants to claim a meritorious defense.").

Further, a meritorious defense is established when "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *U.S. v. $55, 518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (internal citation omitted). "A defendant may not establish a meritorious defense with simple denials or conclusory statements—rather, the defendant must assert specific facts supporting its meritorious defense." *West Trenton Hardware, LLC v. Brooklyn Textiles, LLC*, No. 21-17662, 2024 WL 4263209, at *6 (D.N.J. Sept. 23, 2024) (internal quotations and citation omitted); *$55, 518.05 in U.S. Currency*, 728 F.2d at 195 (noting that most meritorious defenses "involve[e] defendants' answers which alleg[e] specific acts beyond simple denials or conclusionary statements"). But while Defendant raises thirty defenses

8

in its Answer, (Answer at 4-8), each defense "does nothing more than deny the individual factual allegations and raise boilerplate defenses in conclusory language." *Danco Painting*, 2021 WL 3674353, at *4.

Second, the Court finds that the Pension Fund will suffer prejudice absent entry of default judgment, as it lacks other means of obtaining relief. *See N.J. Bldg. Laborers' Statewide Pension Fund v. River Driver Co., LLC*, No. 17-9047, 2018 WL 4380994, at *4 (D.N.J. Sept. 2018) (finding that the same plaintiff in an analogous action would suffer prejudice without default judgment because it had no other way to obtain relief). Further, "because delinquent contributions can negatively impact the Plaintiffs' ability to pay their beneficiaries, Plaintiffs would be prejudiced if default judgment was not entered in their favor." *Tr. of Int'l Union of Painters and Allied Trades Dist. Council 711 Health & Welfare Fund v. Leo Constructing, LLC*, 718 F. Supp.3d 436, 444 (D.N.J. 2024) (internal citation and quotations omitted).

Finally, the Court finds Super acted culpably. "The standard for 'culpable conduct' in this Circuit is the 'willfulness' or 'bad faith' of a non-responding defendant." *Hritz*, 732 F.2d at 1182; *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club*, 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's repeated failure to respond to communications from both the plaintiff and the court can establish culpability). A corporation, including an LLC, "may appear in federal courts only through licensed counsel." *Sabinsa Corp. v. Olive Lifesciences Pvt. Ltd.*, No. 14-4739, 2018 WL 11355086, at *4, n.4 (D.N.J. May 30, 2018) (internal citation omitted); *Doughtery v. Snyder*, 469 F. App'x 71, 72 (3d Cir. 2012) (holding the same with respect to LLCs). Super has been without counsel for well over one year. This Court ordered Super to retain counsel on or before October 28, 2024. (ECF 36.) Super did not comply. Super has therefore acted

9

culpably. *See Leo Constructing*, 718 F. Supp.3d at 444 (holding that a party's failure to appear rendered it "culpable in the default").

### F. Damages

Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must nonetheless prove damages. *Corbin*, 908 F.2d at 1149. Plaintiffs have requested an award of all unpaid withdrawal liability, liquidated damages totaling 20% of the withdrawal liability, interest totaling 18% of the withdrawal liability, and attorneys' fees and costs. (Compl. ¶ 26; Mot. at 8.) In support of its claim for damages, Plaintiffs reference various statutes, including 29. U.S.C. §§ 1132, 1381, 1399, and 1451, and 29 C.F.R. § 4219.32. (Mot. at 8.) Plaintiffs also reference the CBA, Defendant's contribution and hours history from 2015-2021, the Pension Fund's Rules and Regulations, the Withdrawal Liability Report produced by the Pension Fund's actuary, and an affidavit by the Administrator for the Pension Fund supporting the listed documents. (Kemple Decl., Ex. A-D.)

However, the Court cannot properly assess the unpaid withdrawal liability, damages, interest, and costs to which Plaintiff is entitled under ERISA based on these submissions. Plaintiff contends Super's withdrawal liability, which was estimated based on the January 1, 2021 valuation, is $55,572,000. (Compl. ¶ 13; Kemple Decl. ¶ 7, Ex. E.) However, both the Pension Fund and its actuary repeatedly note that the withdrawal liability required a recalculation once the January 1, 2022 valuation was completed, and that the new amount could be significantly different. (Kemple Decl., Ex. D ("Please note that the unfunded vested benefits for withdrawal liability purposes for the year ended December 31, 2021 was estimated based on the January 1, 2021 valuation…[o]nce the January 1, 2022 valuation is completed, this liability will need to be recalculated and could be significantly different."); Ex. E (same); Ex. F (same)). Further, separate

10

from the fact that Plaintiffs' interest and liquidated damages awards are directly tied to this potentially different withdrawal liability amount, the Court cannot determine from where Plaintiffs derive the respective 18% and 20% rates.  Neither rate is expressly articulated in the cited statutes nor the CBA.  *See* 29 U.S.C. §§1132(g)(2)(B)-(C), 1399(c)(6), 1451(b); 29 C.F.R. § 4219.32; (*see also* Kemple Decl., Ex. A.)

Thus, while the Court finds Super is liable for the unpaid portion of Plaintiffs' withdrawal liability, it cannot at this time determine whether Plaintiffs are entitled to the amounts set forth in their Complaint and Motion for Default Judgment.  In any amended motion for default judgment, Plaintiffs must recalculate and provide the withdrawal liability using the January 1, 2022 valuation, recalculate the interest, liquidated damages, and attorneys' fees and costs awards using the new withdrawal liability, and explicitly state the basis for their interest and liquidated damages calculations.

## IV.   CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Default Judgment (ECF 44) is **DENIED WITHOUT PREJUDICE**.  Plaintiffs have 30 days to either file an amended complaint or file a new motion for default judgment that is in accordance with this Opinion.  An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:     Michael A. Hammer, U.S.M.J.
          Parties

11